```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA
                   NORTHEASTERN DIVISION
```

```
                                              FILED
                                         97 DEC 23 PM 2:36
```

VIRGINIA LEEANN COTTINGHAM, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV96-S-3065-NE
)
RONNIE HEFLIN, CARL MOTES, )
SOS INTERNATIONAL, FLOUR DANIEL )
SERVICES CORPORATION, )
) **ENTERED**
    Defendants. )
                                     DEC 23 1997

## MEMORANDUM OPINION

    This action is before the court on defendants' motion for summary judgment and plaintiff's motion to remand. The motion to remand currently is set for oral argument at this court's motion docket on December 29, 1997. Upon consideration of the motion and the response thereto, this court concludes it would not be aided by oral argument, **and the case is hereby removed from the motion docket**.

    Defendant SOS International removed this action from the Circuit Court for Morgan County, Alabama on November 22, 1996. Plaintiff's state court complaint made no specific reference to Title VII of the Civil Rights Act of 1964, but contained allegations of sexual harassment and disparate treatment. SOS International thus claimed that removal was proper, because the "essence" of plaintiff's claim required resolution of a federal question. That interpretation of plaintiff's claims was confirmed on May 12, 1997, when plaintiff amended her complaint to allege sex discrimination and retaliation claims under Title VII. The amended



complaint also contained state law claims for "breach of right to privacy," assault and battery, negligent supervision, and "tortious interference."

All defendants moved for summary judgment on October 2, 1997, claiming, in part, that plaintiff's Title VII claims are due to be dismissed for failure to file a timely charge of discrimination with the Equal Employment Opportunity Commission. In her response, plaintiff conceded that the Title VII claims were due to be dismissed. (Plaintiff's brief in opposition to defendants' motion for summary judgment at 1-2.) Plaintiff simultaneously filed her motion to remand, arguing that this court has discretion to decline supplemental jurisdiction. In that regard, see 28 U.S.C. § 1367(c), providing that:

> (c) The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if —
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Rather than engaging in an extended discussion of the subtleties of plaintiff's motion to remand, this court simply finds that defendants' motion for summary judgment is due to be granted, and plaintiff's Title VII claims dismissed with prejudice. Consequently, this court may (and hereby does) decline supplemental

jurisdiction over the remaining state law claims, because it "has dismissed all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c)(3); *see, e.g., Eubanks v. Gerwen*, 40 F.3d 1157, 1161-62 (11th Cir. 1994)(remanding case to district court for consideration of dismissal after all federal claims dismissed at summary judgment stage); *Johnston v. Morrison, Inc.*, 849 F. Supp. 777 n.2 (N.D. Ala. 1994)(dismissing state law claims following summary judgment on federal claims).

An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this the 23rd day of December, 1997.

United States District Judge